**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **BLADIMIROS STAVROPOULOS**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**CARNIVAL CORPORATION**,<br><br>Defendant. | Case No.: 1:26-cv-22793-RAR |
| **ZACHARY POTTLE**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**CARNIVAL CORPORATION**,<br><br>Defendant. | Case No.: 1:26-cv-22801-RAR |
| **ASHLEY COLE**, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**CARNIVAL CORPORATION**,<br><br>Defendant. | Case No.: 1:26-cv-22844-RAR |
| **CLINTON BROOKNER**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**CARNIVAL CORPORATION**,<br><br>Defendant. | Case No.: 1:26-cv-22855-RAR |

<table>
<tr><td>

**NYNA COLLINS** and **TERESA BEAVERS**, *individually and on behalf of all others similarly situated*,

       Plaintiffs,

    v.

**CARNIVAL CORPORATION**,

       Defendant.

</td><td>

Case No.: 1:26-cv-22862-RAR

</td></tr>
<tr><td>

**YVONNE VASQUEZ**, *on behalf of herself and all others similarly situated*,

       Plaintiff,

    v.

**CARNIVAL CORPORATION**,

       Defendant.

</td><td>

Case No.: 1:26-cv-22866-RAR

</td></tr>
</table>

**ORDER GRANTING PLAINTIFFS' MOTION TO
CONSOLIDATE ACTIONS, APPOINT INTERIM CLASS COUNSEL,
AND SET DEADLINE FOR FILING OF CONSOLIDATED COMPLAINT**

**THIS CAUSE** comes before the Court upon Plaintiffs' Unopposed Motion to Consolidate Actions, Appoint Interim Class Counsel, and Set Deadline for Filing of Consolidated Complaint, [ECF No. 6], filed on May 6, 2026.  On April 22, 2026, Plaintiff Bladimiros Stavropoulos filed a Class Action Complaint alleging injuries arising from a recent cyberattack and data breach on Defendant's systems, which was assigned to the undersigned.  [ECF No. 1].  Five additional actions arising from the same incident were subsequently filed in this District by different Plaintiffs, and they have all been transferred to this Court.

On May 6, 2026, Plaintiffs Bladimiros Stavropoulos, Zachary Pottle, Ashley Cole, Clinton Brookner, Nyna Collins, Teresa Beavers, and Yvonne Vasquez (collectively "Plaintiffs") moved for consolidation of their actions under Fed. R. Civ. P. 42(a) and appointment of their attorneys as

interim class counsel under Fed. R. Civ. P. 23(g)(3).  *See* Mot., [ECF No. 6].  The Court having carefully reviewed the Motion, the parties' proposal, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion, [ECF No. 6], is **GRANTED** as follows:

1.      The above-captioned actions, *Stavropoulos v. Carnival Corporation*, No. 1:26-cv-22793-RAR; *Pottle v. Carnival Corporation*, No. 1:26-cv-22801-RAR; *Cole v. Carnival Corporation*, No. 1:26-cv-22844-RAR; *Brookner v. Carnival Corporation*, No. 1:26-cv-22855-RAR; *Collins, et al. v. Carnival Corporation*, No. 1:26-cv-22862-RAR; and *Vasquez v. Carnival Corporation*, No. 1:26-cv-22866-RAR,  shall be **CONSOLIDATED** for all purposes into the *Stavropoulos* action, which is the lowest numbered case.  All future pleadings, motions, briefs, and other papers shall be filed in the *Stavropoulos* action, **Case No. 1:26-cv-22793-RAR**, which shall hereinafter be the "Consolidated Action."  The Clerk is directed to **CLOSE** the remaining actions.

2.      All papers filed in the Consolidated Action shall be filed under Case No. 1:26-cv-22793-RAR, the number assigned to the first-filed case, and shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: CARNIVAL CORPORATION DATA SECURITY BREACH LITIGATION | Case No. 1:26-cv-22793-RAR |

3.      Each new case that arises out of the subject matter of the Consolidated Action, which is filed in this Court, removed to this Court, or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within 10 days after the date

upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.  Nothing in the foregoing shall be construed as a waiver of Defendant's right to object to consolidation of any subsequently-filed or transferred related action.

4.       Plaintiffs shall file a consolidated complaint no later than **thirty (30) days** following the entry of this Order.

5.       Having given due consideration to the relevant factors set forth in Federal Rule of Civil Procedure 23(g)(1) and (4), including Rule 23(g)(1)(A)(i)-(iv), and finding that the proposed counsel meet the adequacy requirements thereunder, the Court appoints Jeff Ostrow of Kopelowitz Ostrow P.A. and Mariya Weekes of Milberg, PLLC as Interim Class Counsel for all Plaintiffs and putative class members.  Interim Class Counsel shall have the following responsibilities, duties, and sole authority for:

a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings on behalf of Plaintiffs, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as they or their designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e)  Serving as the primary contact for all communications between Plaintiffs and counsel for Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f)  Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g)  Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h)  Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i)  Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

j)  Negotiating and entering into stipulations with counsel for Defendant as necessary for the conduct of the litigation;

k)  Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l)  Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m)  Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n)  Assessing Plaintiffs' counsel for the costs of the litigation;

o)  Preparing and distributing periodic status reports on behalf of Plaintiffs to the Court and to the parties as ordered;

p)  Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses on behalf of Plaintiffs as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Interim Class Counsel also will recommend apportionment and allocation of fees and expenses on behalf of Plaintiffs subject to Court approval; and

q)  Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

6.      It is the Court's intent that, as to all matters common to these coordinated cases,

and to the fullest extent consistent with the independent fiduciary obligations owed by any and all

Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Class Counsel.

7.      All other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Class Counsel, except for an application to modify or be relieved from this Order.

8.      The mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

9.      Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pretrial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the Southern District of Florida.

10.      This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of May, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**